DEWINT vs. WILTSE.

Where a party took a lease of a ferry, and covenanted to maintain and keep the same in good order and instead of doing so diverted travellers from the usual landing to another landing owned by himself, by means whereof a tavern stand belonging to the plaintiff, situate on the first landing, was so reduced in business as to become tenantless, *it was held*, in an action by the landlord for breach of the covenant, that he might assign, and was entitled to recover as damages, *the loss of rent* of the tavern stand.

THIS was an action of covenant, tried at the Dutchess circuit in November, 1830, before the Hon. JAMES EMOTT, then one of the circuit judges.

On the 1st March, 1828, the plantiff let to the defendant a ferry establishment, at a place called the Long Wharf, at the *Fishkill landing*, in the county of Dutchess, for the term of 10 years, at an annual rent of $300 ; the defendant covenanting to keep and maintain such ferry in good order during the term, from the Long Wharf, on the east side of the Hudson, to the

village of Newburgh, on the west side therof, supplied with a steam ferry boat and other boats, sufficient for the accommodation of travellers. The plaintiff averred that the defendant did no keep his covenant, and on the contrary thereof, withdrew and discontinued the ferry from the long wharf of the *plaintiff* to a wharf of the *defendant*, situate on the east side of the Hudson, at a place called *Fishkill Upper Landing* and from thence to Newburgh ; by means of which, travellers were prevented from resorting to the long wharf of the plaintiff, as they had been accustomed to do, and a house of the plaintiff situate on the long wharf, erected by him to be let as an *inn* or tavern, was so much injured and impaired in its ordinary business, and the number of customers resorting thereto, that the plaintiff was unable to let the house at any rent whatever, whereas before the committing of the grievances, &c. he had let it at an annual rent of $300. On the trial the plaintiff proved that since the execution of the lease the defendant had kept a ferry between the *upper landing* and Newburgh ; that during the first season very little ferrying was done from the *long wharf*, after which time the steam ferry boat of the defendant usually touch at the *long wharf*, on her way to and from Newburgh, but did not remain as long at the *long wharf* as at the *upper landing* ; and that neither row boats nor sail boats were stationed at the *long wharf*, though they were there occasionally. The plaintiff then offered to prove the loss of rent of the *inn*, in consequence of the diversion of the travelling from the long wharf ; the evidence was objected to, but received by the judge, who ruled that the plaintiff was entitled to recover the *actual damages* sustained in the loss of rent, and the jury under his direction found a verdict for the plaintiff for $225. The defendant asked for a new trial, which was denied by the Court, who *held* that the damages proved were a legitimate claim, and the legal and natural consequences of the breach of the covenant.

The motion for a new trial was argued by *J. A. Collier*, for the defendant, who cited in support of the application, 1 *Saund. on Pl. and Ev.* 136 ; 5 *Wendell*, 538 ; 1 *Chitty's Pl.* 393 ; *Chipman on Contracts*, 122 ; 1 *Peter's Cir. C. R.* 85, 94. The motion was opposed by *B. F. Butler*, for the plaintiff, who

cited 1 *Chitty's Pl.* 385, 387 ; 16 *Johns. R.* 128 ; *T. Jones,* 186 ; *T. Raym.* 464 ; 1 *Ld. Raym.* 106 ; 4 *Campb.* 275 ; *Comyn's Dig. tit. Argeement C. note by Mr. Day,* 1 *vol.* 543, *&c.*