UTICA,
July, 1835.

### SQUIER vs. GOULD.

Squier
v.
Gould.

Where an action on the *case* is brought and the *damages* actually sustained do not necessarily arise from the act complained of, and consequently are not *implied* by law, the plaintiff must state in his declaration the particular damage which he has sustained, or he will not be permitted to give evidence of it upon the trial. Where, therefore, a plaintiff declared in case, that the defendant had placed a quantity of sand, lime, and other building materials in the highway opposite to and adjoining his premises, so as to interrupt the free passage to *his store,* and that the dust and dirt of the materials blew into *his store* and damaged *his goods;* IT WAS HELD, that proof that *customers* were prevented from frequenting the store, and that a *tenant* who occupied it, in consequence of the annoyance quit it, and that the store afterwards remained unoccupied, was inadmissible, because not alleged in the declaration as *special damage.* So also it was held that proof of injury sustained by the *tenant* was not available to the plaintiff, the *landlord.*

Where illegal evidence is adduced on the trial of a cause in a justice's court, when the defendant *does not appear* at the trial, error lies, although no objection was taken to the admission of the evidence.

ERROR from the Yates common pleas. Squier sued Gould in a justice's court, and declared against him in an action on the *case,* for that the defendant placed in the highway, opposite to and adjoining the premises of the plaintiff, sand, lime, and other materials for building, so as to interrupt a free passage to the plaintiff's store, and so that the dust and dirt from the materials blew into the plaintiff's store and greatly incommoded and injured the plaintiff and damaged *his goods* and premises. The suit was commenced by *summons,* which was *personally served,* but the defendant *did not appear* at the return of the process, nor when the plaintiff adduced his evidence. On the trial before the justice, the placing of the materials by the defendant, and the injury to the store on the premises, were proved; but it appeared that the store was occupied by a *tenant* of the plaintiff, and not by the plaintiff himself; and it was also proved, that in consequence of the annoyance arising from the materials being thus placed, customers were prevented from resorting to the store, and the tenant quit the store, which remained unoccupied for a length of time. The justice rendered judgment in favor of the plaintiff for $50 damages,

and costs of suit. The common pleas of Yates, on *certiorari*, reversed the judgment. The plaintiff sued out a writ of error.

*H. A. Wisner*, for plaintiff in error.

*C. G. Judd*, for defendant in error.

*By the Court*, SUTHERLAND, J. The common pleas must have reversed the judgment, on the ground that the evidence did not prove the *special damage* laid in the declaration, and that a portion of the evidence upon that point was inadmissible under the declaration, as it went to show *special damage to the plaintiff for which he had not declared.* Where the damages actually sustained do not necessarily arise from the act complained of, and consequently are not *implied* by law, in order to prevent surprise to the defendant, the plaintiff must state in his declaration the particular damage which he has sustained, or he will not be permitted to give evidence of it upon the trial. This is the rule laid down by Mr. Chitty, *Chitty's Pl.* 385, 6, 7, 8 ; and he there refers to a great variety of cases to illustrate and support it. 8 *T. R.* 133. *Peake's N. P. C.* 46, 62. 9 *Coke*, 113, *a.* 1 *Saund.* 346, *a. b., n.* 2. 2 *East*, 154. 1 *Saund.* 243, *n.* 5. *Viner's Abr. Ev. tit. b.* 6. *See also* 9 *Wendell*, 325. The doctrine is unquestionable.

The evidence in relation to the injury sustained by the *tenant*, and also in relation to the loss of customers at the store in consequence of the obstruction of the road, was clearly inadmissible. There is no claim for damages in the declaration, for the loss of customers ; and the damage sustained by the tenant, the plaintiff certainly had no right to sue for, and did not pretend in his declaration to claim. No connection in the business of the store is shown to have existed between the plaintiff and the tenant. The loss of Van Allen as a tenant, and the consequent loss of the rent of the store, ought to have been specially alleged, in order to entitle the plaintiff to have proved them as damages. The fair construction of the declaration is, that the plaintiff *himself* occupied the store, and that *his* goods were injured by the dust and dirt occasioned by the sand and lime deposited by the defendant, and the access to

his store was prevented by these obstructions. The evidence, on the contrary, shows that the store was occupied by a tenant; and there is not a particle of testimony that the plaintiff had any interest in the goods contained in it. I have no doubt the plaintiff has been injured by the defendant; but upon the pleadings and proofs as they stand, I think the judgment of the justice was properly reversed by the common pleas.