RALPH BEAVERS *vs.* GEORGE C. TRIMMER and BENJAMIN COLE.

1. Where an action is brought for the erection or continuance of a nuisance, it is necessary to allege that the defendant erected or continued it: and if the action is not brought against the original erector, but against a subsequent owner or tenant, a special request to remove it must be alleged.

2. Where the injury results not from the erection itself, but from the *wrongful use* thereof, there is no necessity to allege who erected it, or that notice had been given to remove the erection.

3. It is not necessary that a party who sues for injury to his mill, by diverting the water therefrom. should allege that his mill is the most ancient. The allegation, that long before, and until the grievance complained of, he had, and of right ought to have, the enjoyment of the stream in its natural and usual flow, is sufficient; and if the defendant claims a right to use the water in a manner injurious to the plaintiff, he must show it by grant or prescription.

4. Where a reversioner sues for injury to the reversion, he must show that the injury complained of affects the freehold, and not merely the possession or interest of the tenant; he must state facts to show such injury; mere allegation of injury to the reversion is but a conclusion of the pleader, and not sufficient. If the injury is to the freehold and possession, both the reversioner and tenant may sue.

5. The reversioner may maintain an action for any disturbance which, in its present form, is injurious to the possession, and which, without further interference by the act of man, would in the ordinary course of things continue to be so on the determination of the particular estate, where the cause of the disturbance is in its nature fixed and permanent, and the necessary effect of which is the mischief complained of.

6. So using water as to wash mud, dirt, and gravel into the plaintiff's pond, filling it up, and diminishing its capacity to hold water, is an injury to the freehold, for which the reversioner has a right of action.

---

This was an action of trespass on the case, brought by Ralph Beavers against Benjamin Cole and George Trimmer, for injury to the plaintiff's reversionary interest in certain mills in the possession of a tenant.

The declaration contained four counts, the substance of which distinctly appears in the opinion of the court.

To this declaration the defendants filed a general demurrer, and the plaintiff a joinder.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Richey* and *Wurts*, in support of demurrer, and *W. Halsted*, against it.

*Richey,* for demurrer.

1. There is no averment in any count that defendants erected the dam.

2. No allegation that request was made to remove nuisance before suit commenced. 1 *Saund. Pl. & Ev.* 82 ; *Willes R.* 583, *Winsmore* v. *Greenbank ;* 5 *Coke* 100 *Penruddock's case ;* 2 *Chit. Pl.* 334 ; 2 *Saund. Pl. & Ev.* 690 ; 2 *Green* 36, *Pierson* v. *Glean.*

3. No allegation that plaintiff's mills are more ancient than defendants.

4. Narr. has connected injury to tenant with injury to reversioner.

Allegation is, that water is detained and let out, so that tenant is unable to use it. Tenant may bring action for same injury. Nuisance may be abated before end of term.

5. No allegation when tenant's term commences or closes.

The last count is different from others ; charges that water from tailrace carries in mud, and diminishes capacity of pond. This is the only injury to freehold.

6. The injury complained of in every count is injury to possession, and remedy is with tenant. 2 *Chit. Pl.* 332, *not:, (old ed.); 2 Chit. Pl.* 770, *note h,* (*6th ed.*)


*Halsted,* contra.

Answer to demurrer is—

1. That complaint is not for continuance of nuisance.

2. If it is, not necessary in narr. to aver request.

3. Not necessary to aver that plaintiff's mill more ancient than defendants'. *Ventr.* 237, *Cox* v. *Matthews ;* 9 *Conn.* 291 ; 13 *Metc.* 436, *Soule* v. *Russell.*

4. Plaintiff claims no damage for injury to tenant. 4 *Burr.* 2141, *Jeffer.* v. *Gifford.*

It is set out correctly. 1 *Maule & Selw.* 234, *Jackson* v. *Peakes.*

There is express averment that reversion is injured.

That is sufficient, if facts do not show it. 1 *M. & S.* 240. Sixth objection is answered by last case cited; form in 8 W*entworth's Pl.* 948.

For very small injury action may be maintained. 3 *Fairfield* 407, *Butman* v. *Hussey;* 8 *Greenl.* 253; 12 *Verm.* 178*; Davis* v. *Fuller;* 13 *Conn.* 303, *Johnson* v. *Lewis.*

If one count bad, and others good, demurrer must be overruled. *Trenton Mutual Ins. Co.* v. *Perrine,* 3 *Zab.* 402.

Increase of nuisances are new nuisances, and may be abated without request.

So where erection is no nuisance, but mode of using it is. 2 *Saund. Pl. & Ev.* 688; *Ryan & Moody* 189; 2 *Green* 37; 1 *Chit.* 376; 2 *Chit. Pl.* 770, (*new ed.*) *note h; Cro. Jac.* 585; *Jenkins* 260.

*Wurts,* in reply.

If declaration is not as we allege, a simple complaint for maintaining dam erected by another, he should have charged that we unreasonably held back water; that we abused our privilege.

For all that appears on face of narr. water used reasonably, as it has always been used, and may be reasonably.

The only difference in the fourth count is, that mud and gravel are thrown into the pond.

In all the counts, the consequences complained of by plaintiff are all the result of dam and raceway.

An action for injury to reversion, antiquity of mill should appear. There is union of injury to tenant with injury to reversion.

No injury to freehold is shown in narr.

Mere averment that it is injury to freehold, does not show it.

POTTS, J. The declaration is for an injury to the reversionary interest of the plaintiff, Beavers, in certain mills in the possession of a tenant, situated on the South Branch of Raritan.

The injury alleged is—

*1st count.* That by means of a dam across the river, at the head of the plaintiff's mill pond, and a sluiceway and gates, the defendants diverted the water from the river into a pond near the east bank of plaintiff's mill pond on the land of defendants; and by means of a dam and gates on their said land, the defendants penned back the water of the river, after it had been so diverted, and prevented it from flowing down the stream in its ordinary channel; and also, that after so detaining and penning it back for long periods, they discharged it into the mill pond of the plaintiff at a point four hundred feet nearer the plaintiff's dam than the head of his pond, where it had been accustomed to enter, and of right ought to enter; and that they so penned it back by day, and discharged it by night, that the tenant could not use it in as beneficial a manner as before, by means whereof the plaintiff's mills have been deprived of the regular and natural flow of the water in its usual channel, the plaintiff prevented from using it as beneficially as he might otherwise have done, and the said mills greatly hindered in business and diminished in value, to the injury of the reversionary interest of the plaintiff.

*2d count.* Same in substance as first, but alleging that, by the means stated, the plaintiff hath lost the use of his said grist mill and saw mill, and been greatly injured in his reversionary interest therein, and his said mills have been greatly diminished in value, &c.

*3d count.* Stating the injury substantially as the first, and that the mills of the plaintiff were greatly injured thereby, and greatly diminished in value.

*4th count.* Sets out the injury more specifically, with the additional allegation, that the defendants let out and caused to flow from their said mill pond, and caused to be driven, with great velocity through their said tailrace, into the mill pond of the plaintiff large quantities of water, nearly at right angles with the current of the said

Beavers v. Trimmer and Cole.

,tream, and thereby washed into the plaintiff's pond large quantities of mud, dirt, gravel, and other substances, and filled up the bed of said pond, and diminished its depth and capacity to hold water, &c., by means of which the business of the mills was diminished, and the reversionary interest injured, &c.

The defendants demur, and assign for cause—

1. That there is no allegation that defendants erected the dams, &c.

2. That there is no averment of a request to remove them.

3. That it is not alleged the plaintiff's mills are more ancient than the defendants.'

4. That the injury is alleged to be to the tenant's possession, as well as to the plaintiff's reversion.

5. That the narr. does not state when tenant's possession commenced.

6. That there is no averment of any permanent damage to the freehold.

7. That the *gravamen* of the action is for damage, not to the reversion, but to the possession only.

1. As to the first two causes assigned. Where the action is brought for the erection or continuance of a nuisance, it is necessary to allege that the defendant erected or continues it ; and if the action is not brought against the original erector, but against his feofee, lessee, &c., a special request to remove it must be alleged. 2 *Saunders P. & Ev. (ed.* 1851) 464 ; *Winsmore* v. *Greenbank, Willes* 583 ; *Angell on Watercourses* § 403 ; *Pierson* v. *Glean,* 2 *Green* 36.

But the complainant set out in the declaration in this case is, not the erection or the maintenance of the dam, sluiceways, races, gates, &c., by the defendants, but that, by means of these erections, they wrongfully and injuriously use the water of the river above the plaintiff's mills, penning it back by day, and discharging it by night, and thus preventing the plaintiff from making it subservient to the

purposes of his mill, and by throwing it into his pond in such a way as to cause mud, dirt, and gravel to be washed in, and the pond to be thereby filled up and diminished in capacity. It does not appear, nor is it alleged, that these erections necessarily and unavoidably produced the effect of penning back the water by day, and discharging it by night, and filling up the pond. The effect and the cause are not inseparable, like the case of a waterspout projecting over a man's premises, or a wall built up against his windows. The declaration does, indeed, allege that the defendants' tailrace throws the water into the plaintiff's pond, not at the head, but four hundred feet lower down, and at right angles with the current of the stream, but the complaint is, that they cause the water at times to flow through it with great velocity, and thereby wash in the mud, &c. The erections are all stated to be on the defendants' own land, and there is nowhere any allegation that they are wrongfully there. There is no necessity, therefore, to allege who erected them, or that notice has been given to remove them, as in the case of a nuisance erected or maintained, by means of which the injury necessarily results.

2. As to the third cause assigned for demurrer. It is not necessary that a party who sues for a trespass of this character should set out that his mill is the most ancient. The allegation of the declaration, that long before and until the grievance complained of, he had, and of right ought to have the enjoyment of the stream in its natural and usual flow, is sufficient, for the plaintiff has the right by law to this; and if the defendants claim a right to use their own property, their dams and gates and raceways, and the waters of the river, in a manner injurious to the plaintiff, they must themselves show a right by grant on prescription to do so. The burden of the proof here is on the defendants. 1 *Ch. Pl.* 366 (*ed.* 1825); *Twiss* v. *Baldwin,* 9 *Conn.* 291; *Palmer* v. *Mulligan,* 3 *Caines R.* 319.

2. The remaining causes assigned for demurrer question the right of the reversioner to maintain the action, for the causes set out in the declaration.

The allegations in the several counts, that by reason of the premises the tenant cannot use the water in as beneficial a manner as before, and that the business of the mills is greatly hindered, &c., make only a case of injury to the tenant, for which he may have a right of action. The wrongful use of the water, merely, by the defendant at his mill above—penning it back by day, and discharging it in large quantities by night, so that the mills below are deprived of the use of it, are wrongs to the tenant of the lower mills, but not in themselves injurious to the freehold estate. The reversioner, when he sues, must allege and prove such a permanent injury as necessarily affects his interests. 1 *Chit. Pl.* 53, *ed.* 1825 ; *Baxter* v. *Taylor*, 4 *Barn. & Adol.* 72 ; *Jackson* v. *Perked*, 1 *Maule & Selwyn* 234 *Squire* v. *Gould*, 14 *Wend.* 159,

There are cases, it is true, where, for the same act, both the tenant and the reversioner may sue, as for penning back water so that the timber, trees, soil, &c., become rotten : there the tenant has a right of action for the temporary loss of shade, shelter, and products of the soil, and the reversioner for the permanent injury to the trees and soil, as portion of the freehold. 1 *Bac. Ab., Action on the Case A.*

But the line must always be carefully drawn between injuries which permanently affect the reversioner and such as only temporarily affect the possession, otherwise damages for the same identical injury may be sued for and recovered by both the tenant and reversioner.

The three first counts of the declaration, however, contain the additional allegation, that, by reason of the premises, the plaintiff's mills are diminished in value ; the second count alleges that he has lost the use of his said mills ; and all the counts allege an injury to the rever-

sionary interest. But mere allegation is not enough. The demurrer admits only what is well pleaded; and to determine whether a good cause of action by the reversioner is shown, we must look to the nature and character of the injury disclosed, rather than to the conclusions or consequences the pleader has drawn from them. A simple trespass, even accompanied with a claim of right, is not necessarily injurious to the reversionary estate. *Baxter* v. *Taylor*, 4 *Barn. & Adol.* 72.

Now in this case, according to the construction of the declaration insisted on by the plaintiff's counsel, and which I think is the true one, the erections of the defendants are not complained of, but only the manner in which they use them. The dam, gates, and races are all on th defendant's own land; he has a right to have them there; they do not necessarily injure anybody. True the plaintiff says, that by this means he pens up the water by day, and discharges it by night, and his mills are deprived of water, &c.; he has lost the use of them; they are diminished in value; his reversion injured. But the acts complained of are in the nature of repeated trespasses merely—the opening and shutting of the gates.

Then, if these three counts are maintainable at all, it can only be on the ground that this wrongful use of the water by the defendants, though at present only injurious to the tenant, may in the lapse of time ripen into a right, and the reversion thus be permanently injured. There is no doubt that the reversioner may maintain an action for any disturbance which, in its present form, is injurious to the possession, and which without further interference by the act of man would in the ordinary course of things continue to be so on the determination of the particular estate. *Angell on Watercourses*, § 398, 221, 234; *Turker* v. *Newman*, 11 *Adol. & Ellis* 40; *Bower* v. *Hill*, 1 *Bingham N. C.* 549.

But all the cases which lay down this rule are cases where the nuisance was in its nature fixed and permanent,

and the necessary effect of which was the mischief complained of. Where the mischief consists merely of repeated trespasses the rule has no application, for acts of that sort cannot operate as evidence of right against the reversioner so long as the estate is demised to tenants because during that time he had no present remedy by which he could obtain redress for such an act. He could not maintain trespass in his own name, because he was not in possession of the land, nor have an action on the case for an injury to the reversion, because in point of fact there was no such permanent injury as would be necessarily prejudicial to it: as, therefore, he had no remedy by law for the wrongful acts done by the defendants, the acts done by them or any other stranger would be no evidence of right as against the plaintiff, so long as the land was in possession of the lessee. *Per Taunton, J., Baxter* v. *Taylor,* 4 *Barn. & Ad.* 72; *Dobson* v. *Blackmore,* 9 *Adol. & Ellis, N. S.* 1001.

The demurrer is well taken as to the three first counts.

The fourth count alleges the washing sand, &c., into the plaintiff's pond, filling it up, and diminishing its capacity to hold water. This is an injury to the freehold, for which the reversioner has a right of action. As to this count, the demurrer is not well taken. And the demurrer being to the whole declaration, it must be overruled. *Belton* v. *Gibbon,* 7 *Halst.* 76.

The CHIEF JUSTICE and OGDEN, J., concurred.

CITED *in Arthur* v. *Gayle,* 38 *Ala.* 267; *Conhocton R.* v. *B. N. Y. & E. R. R. Co.,* 51 *N. Y.* 577.