ELLEN BALDWIN *vs.* WESTERN RAILROAD CORPORATION.

In an action against a railroad corporation to recover damages sustained by a person in a carriage on a highway, by means of a collision with a locomotive engine of the defendants, the carelessness of the driver of the carriage cannot be proved by common reputation.

In an action brought by a traveller on a highway against a railroad corporation, to recover damages for a personal injury occasioned by their locomotive engine, the plaintiff's occupation and means of earning support are not admissible in evidence to increase the damages, if not specially averred in the declaration.

ACTION OF TORT. The plaintiff's occupation was not stated in the writ. The only averments in the declaration were that the defendants owned a railroad between Worcester and Springfield; that the plaintiff was travelling on a highway in Spencer, which

crosses said railroad, and was using due care; that the defendants ran their locomotive engine and cars against the wagon in which the plaintiff was riding across said railroad and along said high-way, and threw the plaintiff out on the rails of said road and frozen ground, and did her great hurt and damage; and the defendants did not use due care in running their said engine and cars.

After a verdict for the plaintiff in the court of common pleas, held by *Byington,* J., the case came before this court upcn the following bill of exceptions: " This was an action of tort for injuries suffered by the plaintiff in consequence of a collision with a locomotive engine and tender owned by the defendants, at a highway crossing in the town of Charlton, whereby the plaintiff was thrown from the carriage in which she was riding. Before, and at the time of the accident, Warren Baldwin, a brother of the plaintiff, was driving the horse attached to the car-riage from which the plaintiff was thrown. The defendants offered evidence for the purpose of showing that, by common reputation, Warren Baldwin was a careless driver. The plain-tiff objected to this evidence, and the presiding judge ruled that it was inadmissible.

" The plaintiff's counsel offered evidence tending to show the education and learning of the plaintiff; and there was evidence to show she was a school teacher. The defendants objected; but the court ruled that this evidence was admissible. To these rulings of the presiding judge the defendants except."

*N. Wood,* for the defendants. 1. The plaintiff, in order to recover, must show that she was being driven with ordinary care. *Adams* v. *Carlisle,* 21 Pick. 146. The character of the driver, in this respect, might be proved by common reputation. *Dewey* v. *Dana,* 2 Cush. 160. *Lee* v. *Kilburn,* 3 Gray, 600. *Foulkes* v. *Sellway,* 3 Esp. R. 236. 1 Greenl. Ev. § 101.

2. The evidence respecting the education and learning of the plaintiff, and of her being a school teacher, was irrelevant and inadmissible, particularly as it was not specially averred in the declaration. 2 Greenl. Ev. § 269. Sedgwick on Damages, (2d ed.) 68. 1 Chit. Pl. (6th Amer. ed.) 444. 1 Saund. 243 *b,* note 5 *Rising* v. *Granger,* 1 Mass. 48. *Dickinson* v. *Boyle*

17 Pick. 78. *Batchelder* v. *Sturgis*, 3 Cush. 201. *Hemmenway* v. *Woods*, 1 Pick. 524. *Laing* v. *Colder*, 8 Barr, 479.

*C. Allen*, for the plaintiff. 1. Common reputation was not competent evidence to prove the carelessness of the driver, as that is a specific fact which, in its nature, is susceptible of being proved by witnesses who speak from their own knowledge. 1 Greenl. Ev. § 99. *Goddard* v. *Pratt*, 16 Pick. 412. *Sheldon* v. *Root*, 15 Pick. 567.

2. This being an action of tort for a personal injury, evidence is admissible, on the question of damages, to show the circumstances and condition of the plaintiff, and her ability to acquire the means of support and competence, for these are elements which increase the direct injury to the plaintiff. 2 Greenl. Ev. § 269. *Shute* v. *Barrett*, 7 Pick. 86. *Bennett* v. *Hyde*, 6 Conn. 27. *Nichols* v. *Bronson*, 2 Day, 211. And it has been decided by the supreme court of New York, in an action against a railroad company for an injury occasioned to a passenger through the negligence of the agents of the company, that evidence of the loss sustained by the plaintiff in his business, in consequence of the injury received, was proper to aid the jury in ascertaining his damages; and that for this purpose the nature and extent of the plaintiff's business, and the importance of his personal superintendence, might be shown. *Lincoln* v. *Saratoga & Schenectady Railroad*, 23 Wend. 425, 434.

Bigelow, J.[*] 1. The testimony that the person, who was driving the carriage in which the plaintiff was at the time of the accident, was, by common reputation, a careless driver, was rightly rejected. It might have been competent for the defendants to show that he was in fact unskilful or careless in the management of a horse. *Adams* v. *Carlisle*, 21 Pick. 146. But evidence on this point must come from those who can testify to the fact of their own knowledge. It cannot be proved by reputation.

2. We are of opinion that under the practice act, *St.* 1852, *c.* 312, a general allegation of damages at the end of the declaration will not entitle a party in an action of tort to prove

---

[*] Thomas, J. did not sit in this case.

special damages; that is, such damages as are not implied by law, because they do not necessarily arise from the act complained of. The rule of the common law which requires a plaintiff, for the purpose of guarding against surprise upon his adversary, to set out in his declaration any particular damage which he has sustained, in order to enable him to prove it, remains unchanged. There is no specific provision in the statute which authorizes any alteration in the form of pleading in this particular. On the contrary, it is expressly provided in § 6 that the rules of evidence and the measure of damages shall remain unchanged, " except so far as the same may be herein specially provided for." Besides : to the forms of declarations in actions of tort appended to the statute, and immediately following the first form there prescribed, there is this significant note : " The *ad damnum* is a sufficient allegation of damage in all cases in which special damages are not claimed." This is decisive of the intent of the legislature to retain the old rule of pleading, which requires the grounds of special damage to be distinctly averred.

In the present case, the evidence offered by the plaintiff to show her education and learning, and that she was a school teacher, could have had no relevancy or application to the questions at issue between the parties, except as forming the basis on which special damages were to be assessed for the injury of which she complained. It did not tend to show an injury falling within the class of general damages. That class includes only such damages as any other person, as well as the plaintiff, might, under the same circumstances, have sustained, from the acts set out in the declaration. Without determining the more difficult question whether the evidence would be admissible under any form of declaration, it is clear that this part of the plaintiff's claim could be founded only upon a peculiar loss sustained by her by reason of the interruption to her occupation resulting from the tortious act of the defendants. They were therefore in their nature damages not necessarily flowing from the acts set out in the declaration, and of which the defendants could not be supposed to have notice unless they were properly averred 1 Chit. Pl. (6th Amer. ed.) 440. *Dickinson* v. *Boyle*, 17 Pick. 78 *Squier* v. *Gould*, 14 Wend. 159. *Exceptions sustained.*