J. C. Calhoun, et al., v. Fowler Lee & Co.

County Sheriff—Collection of Execution—Liability of Bondsmen—
Pleading.

> A petition seeking to hold a sheriff and his bondsmen liable for the
> failure of such officer to make a levy pursuant to an execution in his
> hands is fatally defective when it does not aver that the debt or any
> part of it has been lost nor any allegation that plaintiff has sustained
> any damages by reason of the failure of the sheriff to collect the
> amount of the execution.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 30, 1875.

Opinion by Judge Cofer:

This was an action against a sheriff and his sureties to recover
damages for his failure to collect the amount of an execution in the
name of the appellee against J. C. Gentry & Co., which was placed
in his hands between the date stated in the teste and return day for
collection.

It is alleged that while the fi. fa. was in the sheriff's hands,
Gentry & Co. had sufficient property in the county known to the
sheriff subject to the execution to satisfy the same; yet he wrong-
fully and negligently failed to make the amount of said execution,
or any part thereof, and returned it not satisfied, whereby the
plaintiffs alleged they were greatly damaged; and they prayed for
judgment for the amount of the execution. An answer was filed
and a trial had, which resulted in a verdict and judgment for the
amount claimed; and the defendant's motion for a new trial having
been overruled, they have appealed.

The petition is fatally defective. There is no allegation that the
debt or any part of it has been lost; nor is there any statement of
facts to show that the appellee has sustained damages in conse-
quence of the failure of the sheriff to collect the amount of the
execution.

It is a general rule that such damages as may be presumed nec-
essarily to result from the breach of contract need not be stated with
great particularity in the petition; but if the damages be not neces-
sarily implied, nor the extent of them, it will be requisite for the
plaintiff to state the injury particularly in order to apprise the de-
fendant of the facts intended to be proved, so that he may be pre-
pared to meet them. Newman's Pleading and Practice, 438; 1

Chitty on Pleadings 338; *Squier v. Gould,* 14 Wend. 159; Sedgwick on the Measure of Damages, 576.

In *Commonwealth, for the use of J. C. Cooper, v, Bartlett's Ex'rs,* 7 J. J. Marsh. 161, which was an action for a false return, this court said: "That a constable is liable for a false return, will not be questioned; but to render him liable on that account, the declaration should state the nature of the return made, and then charge its falsity, and show the injury resulting. In that case, as in this, there was an allegation of a technical breach of the bond; but there was no allegation to show the injury resulting therefrom; and the declaration was held to be fatally defective on that, as well as upon other grounds.

These authorities show that the petition in this case is insufficient; and it results, therefore, that the court erred in overruling the motion for a new trial; wherefore the judgment is *reversed,* and the cause is remanded with directions to allow the appellees to amend their petition, if they offer to do so within a reasonable time.

*J. M. Bigger, for appellants.*
*J. Campbell, L. D. Husbands, for appellee.*