(78 South. 201)

## HART v. COLEMAN. (6 Div. 639.)

(Supreme Court of Alabama. Dec. 20, 1917. Rehearing Denied March 23, 1918.)

1. LANDLORD AND TENANT ⟨⟨⟩⟩152(2) — PROMISES TO REPAIR—CONSIDERATION.

Where a landlord promised a tenant by the month to repair the porch, under her threat to move out, unless the repair was made, his promise was based on sufficient consideration.

2. LANDLORD AND TENANT ⟨⟨⟩⟩164(2)—PROMISE TO REPAIR — PERSONAL INJURIES — LIABILITY.

Where a landlord was notified, and of his personal observation knew, that the floor of a porch at a considerable height was rotten immediately in front of a door, and he failed to repair it, as he promised to do, the tenant, when she fell through the floor, could recover her damages in an action ex contractu, as being within the contemplation of the parties.

Anderson, C. J., and McClellan and Sayre, JJ., dissenting.

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by Mary Coleman against Sidney J. Hart. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Suit by appellee against the appellant to recover damages for personal injuries suffered by her on June 20, 1913, while occupying a house, including a front porch, as a residence in the city of Birmingham, which plaintiff had rented from defendant.

The first count of the complaint showed the relation of landlord and tenant existing between plaintiff and defendant, and that in consideration of plaintiff's paying rent for the house, including the porch, defendant agreed within a reasonable time to put the floor of said porch in a reasonably safe condition, which floor was weak and rotten and unsafe for use as a porch; and that defendant breached his agreement by failing within a reasonable time to put said floor in a reasonably safe condition, and as a proximate consequence thereof, while plaintiff was using the floor of said porch as a part of the dwelling house, the same broke and gave way, causing plaintiff to fall, inflicting the injuries complained of. The case was tried upon count 1 of the complaint, resulting in a verdict and judgment for plaintiff in the sum of $75, from which defendant prosecutes this appeal.

Haley & Haley, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

GARDNER, J. When this cause was before this court on a former appeal (Hart v. Coleman, 192 Ala. 447, 68 South. 315) it was held that the first count was not subject to the demurrer interposed thereto, but that the proof failed to show sufficient consideration for the agreement of the defendant to make the repairs which would support the cause of action. This ruling was supported upon the principle that a promise made by the landlord to repair the rented premises, made pending the tenancy, is without consideration a nudum pactum, and will not support an action, as the alleged promise was made during the time in which plaintiff was already obligated and bound for the payment of the rent. The opinion recognizes the principle, however, that if the agreement to repair was made at a time when plaintiff had the legal right to terminate the relationship because of the defective conditions (the contract of rental was by the month), and was prevented from exercising that right, and was induced to continue the relationship by the promise of the landlord to repair, that this would be sufficient consideration to support the promise. In addition to the authorities cited in the former appeal, may be noted to the same effect the case of Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466.

[1] Upon the second trial of the cause plaintiff testified that the first time she told defendant she would move out if he did not fix the porch, and he promised to do so, was about two months before the accident, and that he made numerous promises to repair the same "about twice a month for two months before she was hurt." She had no contract for any definite length of time, "but was paying rent by the month." The evidence shows, therefore, a promise on the part of defendant to make the repairs in response to a threat on the part of his tenant who was renting by the month to abandon the premises at a time when the tenant had the right to give sufficient notice to terminate the relationship, and relieve herself from further liability at the expiration of such time, and the evidence was sufficient to justify a reasonable inference on the part of the jury that the relationship was continued by virtue of the promise of the landlord. We are therefore of the opinion that there was sufficient consideration to support the first count of the complaint. The only remaining question on this appeal relates to the right of plaintiff to recover damages for the personal injuries received by reason of the breach of the contract on the part of defendant to repair the porch.

The evidence for plaintiff shows that two of the three rooms of the house opened on the front porch, and that just as she was in the door, and turned to walk on the porch, the plank in the floor broke, and that her limb went through the floor, causing injuries which confined her to her bed for some time, preventing her from working as a seamstress for some three or four months, and incurring doctor's bills. The porch, at the point at which plaintiff fell, was rather high from the ground, sufficiently high that one could walk under the same in an upright position. The floor of the porch was rotten and in a bad condition, of which fact defendant had notice from plaintiff. The defendant himself

testified that he "knew that the porch required repairing because he had seen it when he went to collect the rent." He insisted, however, that he made no agreement to repair.

The question of liability of the landlord to the tenant for personal injuries sustained by the latter, growing out of a breach of an express agreement on the part of the landlord to make repairs, has given rise to much discussion, and the numerous cases are in irreconcilable conflict. It may be conceded that the weight of authority from a numerical standpoint exempts the landlord from liability, as will be disclosed by an examination of the notes to the following cases: Dustin v. Curtis, 11 L. R. A. (N. S.) 504; Walsh v. Schmidt, 34 L. R. A. (N. S.) 798; Mesher v. Osborne, 48 L. R. A. (N. S.) 917; Bailey v. Kelly, L. R. A. 1916D, 1220; Cameron v. Young, 12 Ann. Cas. 47; Cavalier v. Pope, 5 Ann. Cas. 713. See, also, volume 3, Shearman & Redf. on the Law of Neg. (6th Ed.) § 708, a; Thomp. on Law of Neg. vol. 1, § 1141; Thompson v. Clemens, 60 L. R. A. 580; Miles v. Janvrin, 13 L. R. A. (N. S.) 378; Hines v. Willcox, 34 L. R. A. 824; Cromwell v. Allen, 151 Ill. App. 404; Graff v. Lemp Brew. Co., 145 Mo. App. 364, 129 S. W. 1005; Haynes v. Maybury, 166 Mich. 498, 131 N. W. 1110; Marcheck v. Klute, 133 Mo. App. 280, 113 S. W. 654; Collins v. Fillingham, 129 Mo. App. 340, 108 S. W. 616; Merchants' Cotton Comp. Co. v. Miller, 135 Tenn. 187, 186 S. W. 87, L. R. A. 1916F, 1137; Kurtz v. Pauly, 158 Wis. 534, 149 N. W. 143; Keegan v. Heilman Brew. Co., 129 Minn. 496, 152 N. W. 877, L. R. A. 1916F, 1149; Pinkerton v. Slocomb, 126 Md. 665, 95 Atl. 965.

The three cases last named permit recovery by the tenant where the landlord has breached his agreement to repair, and there had been on his part a negligent failure to make them. A discussion however, of the numerous cases upon this question would extend this opinion to undue length, and we merely make reference to them, therefore, in a general way. While several of the cases cited in this opinion, as well as in the notes referred to, sustain the tenant's right of action for personal injuries consequent upon the breach of the landlord of his express agreement to repair, numerous other cases deny recovery either in an action for the breach of the agreement, or in an action of tort denying a recovery in an action ex contractu upon the ground that such damages for personal injuries were not in the contemplation of the parties, and were too remote, and further holding that to permit a recovery for such damages, based on a contract simply because it is in form an action of tort, will be making a distinction that could not be justified by reason or authority, and thus denying a recovery in any form of action. Of these cases the Supreme Court of Tennessee in Merchants' Cot. Comp. Co. v. Miller, supra, said:

"More may be said of the logical exactness of this doctrine than of its inherent justice."

Judge Thompson in his work on Negligence, vol. 1, § 1141, in rather caustic language, criticizes the holding of these cases, and in Sherman & Redf. on Neg., supra, it is said the law on the subject is in a state of transition, concluding the observations upon this question in the following language:

"In some of the earlier cases holding that an action of tort did not arise on a breach of the covenant in the case presented, the general expressions used would include the proposition that no such action could arise. But, it is believed, that restricting those cases to the issue presented, there is nothing to exclude general harmony on the proposition where there is a covenant by the landlord to keep the premises in safe and tenantable condition, and the landlord has knowledge or notice of the existence of such defects as renders the use of the property in the manner contemplated by the lease dangerous to the tenant, and the tenant, his guests or family, suffer personal injury therefrom after a reasonable time for making the premises safe, since such notice or knowledge, in the absence of contributory negligence, the landlord is liable in an action of tort therefor. In those jurisdictions where damages for personal injuries are held recoverable against the landlord for injuries caused by the want of repairs he had agreed to make, and of the necessity of which he had been notified, it is said that the nature of the covenant is such as naturally to create a reasonable anticipation that the neglect to perform it will probably be the cause of personal injuries being inflicted on the tenant, his guests, family and servants; that the covenant gives rise to a corresponding duty either to exercise such supervision as may be necessary, or to act with requisite promptness on notice, as the case may require, and that an action of tort is maintainable for the injury consequent on the neglect to perform it; the covenant being set up as matter of inducement."

Mr. Tiffany in his work on Landlord and Tenant (vol. 1, § 87) agrees with the view which exempts the landlord from liability in such cases, but, on page 596 calls attention to the fact that numerous cases have held the landlord liable for injuries to the tenant's property on account of his breach of covenant to repair, and he adds:

"No distinction can, it is conceived, be taken between the case of injury to the person of the tenant or one of his family, and injury to his chattels on the premises, and these cases may be considered as equivalent to decisions that he would be liable for such personal injuries as a result of his failure to perform his contract."

It has been held in several cases in this state that the landlord was liable to the tenant for the injuries caused to his personal property as a proximate result of the breach on the part of the landlord of his covenant to repair. Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Rowe v. Baber, 93 Ala. 422, 8 South. 865; Vandegrift v. Abbott, 75 Ala. 487; Murphy v. Farley, 124 Ala. 279, 27 South. 442.

The direct question here involved seems never to have been before this court for consideration. The recent cases of Mudd v. Gray, 75 South. 468.[1] Bains v. Dank, 74 South. 341,[2] and Brown v. Dwight Mfg. Co., 76 South. 292, L. R. A. 1917F, 997,[3] while treating ques-

---

[1] 200 Ala. 92.   [2] 199 Ala. 250.   [3] 200 Ala. 376.

tions growing out of the relationship of landlord and tenant, yet they are not directly in point, and are of little service here. Some of the cases noted confine a recovery where the agreement on the part of the landlord is to make a specific repair, and the facts and circumstances are such as to plainly indicate that such damages were contemplated by the parties at the time the contract was made. These cases are referred to in Cromwell v. Allen, supra, as "out of the ordinary," and to be accounted for by this specific feature or circumstance.

Other cases hold the landlord liable where there was an agreement to repair generally, only after notice to the landlord of the defect, and circumstances indicating its danger, and his neglect after the lapse of reasonable time to do so after such notice. Merchants' Cot. Comp. Co. v. Miller, supra. In those cases denying a right of action on the breach of the contract, the courts rested their conclusion, it seems, upon the sole ground that the personal injuries received are deemed too remote to have been contemplated by the parties when the contract was made. In Marcheck v. Klute, 133 Mo. App. 280, 113 S. W. 655, it was pointed out that this reason could have no application in that case; the court saying:

"In the first place, the very purpose of the promise was to safeguard plaintiff's children, and hence an injury to one of them in consequence of a failure to perform was contemplated by the parties when the stipulation was given."

So far as the measure of damages is concerned, it cannot be material whether the action be ex contractu or in tort.

"It is often a question of difficulty to determine whether an action from its mere nature or in its form is in case or assumpsit. * * * Manifestly the measure of damages in such cases cannot be altered in any substantial respect by the mere adoption of one form of action rather than another for the redress of the same grievance." W. U. Telegraph Co. v. Westmoreland, 151 Ala. 319, 44 South. 382.

See, also, Tucker v. Mobile Inf. Ass'n, 191 Ala. 572, 68 South. 4, L. R. A. 1915D, 1167; Thompson v. Clemens, supra.

After all, therefore, the question is reduced to whether or not damages for personal injury can be held to have been within the contemplation of the parties at the time the agreement was entered into. If so, then there is no valid reason why such damages should not be recoverable. In Culver v. Hill, supra, the court had for consideration a breach of an agreement on the part of the landlord to repair the fencing around certain land occupied by the tenant, and as a result of which much of the crop after being grown was destroyed by stock breaking in. It was held that the landlord was liable for the injuries sustained. It was pointed out in the opinion that it is most difficult to define any general rule declaring the proper measure of damages in the varying phases of this question, but that the injury must be the natural and proximate result of the tort,

or breach of contract, is the cardinal rule. It was there said:

"For breaches of warranty, or other contract in the nature of warranty, 'the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract; that is, must be such as might naturally be expected to follow its violation.' * * * Damages which are the natural consequence of the breach of the covenant or contract can be recovered. Dervint v. Wiltse, 9 Wend. 325. 'The plaintiff is entitled to such damages as necessarily and naturally flow from the act of the defendants.' * * * 'It is, perhaps, impossible to ascertain any one rule that will cover all classes of contracts, in regard to the damages which may be awarded to the injured party.' We may add, we have encountered no question requiring judicial determination which is more difficult to be defined than a general rule, or set of rules, declaring the proper measure of damages in the varying phases of the inquiry. That the injury must be the natural and proximate result of the tort, or breach of contract, is a cardinal rule. Accidental consequences, not likely to ensue from the wrong done, are generally too remote to be the foundation of a recovery. * * * Fence, ex vi termini, imports a defense or protection of the crop, or other thing within the inclosure. Protection was its object, and it was that the parties had in contemplation. Destruction or loss of the crop, if the fence remained insufficient, would naturally be expected to follow. We think the damage in this case was the natural and proximate result of Culver's breach of contract, that Hill had a right to repose on his promise to repair, and that the circuit court laid down the true rule for the measurement of damages in such a case as this."

That case bears some analogy to the one here under consideration. Here the tenant was in the occupancy of the house—the porch to which was in an unsafe condition and badly in need of repair just at the place where one would enter the room of the house. The tenant according to the evidence, had frequently requested the repairs to be made, and the landlord, if the tenant is to be believed, had often promised to do so. The landlord was not only informed of its unsafe condition, but admitted in his testimony the necessity for repairs on the porch, and that he knew of the same, for he had seen it himself when he went to collect the rents. The tenant had informed him that unless it was fixed she would no longer occupy the premises. It is difficult to conceive that the parties could have had in mind at the time of the agreement to repair any other injuries or damages save those resulting to the person of the tenant by falling through the porch, just as, in fact, did happen. As was said in Culver v. Hill, supra, "protection was its object, and it was that the parties had in contemplation."

[2] We have, therefore, a situation which presents a case "out of the ordinary," as said in Cromwell v. Allen, supra, where the very facts and circumstances surrounding the parties all clearly indicate that the injuries suffered were just such as they had in contemplation at the time. Such being the case, no reason appears why these damages are not recoverable in the action ex contractu. We are of the opinion there is nothing in the

action of the court of which the appellant can complain. As previously stated, much has been written upon this subject, and the books abound with conflicting views, slight circumstances at times determining the result.

We prefer to confine the case in hand to the facts as here presented, which may be epitomized as follows: The porch of the house occupied by plaintiff was badly in need of repair, and in an unsafe condition at a place necessary to be traversed by plaintiff in the use of the premises. The landlord, the defendant, was notified of its condition, and saw it himself, and agreed to repair the same. We have previously herein treated the question of consideration in support of such agreement, which need not be repeated. Reasonable time elapsed, and he failed to comply with his promise, and as a proximate result plaintiff fell through the porch and sustained the injuries. We are aware that it is held in some of the cases that, upon failure of the landlord to repair, the tenant should have done so and could only recover what it would have cost to have made the necessary repairs. In Culver v. Hill, supra, however, the court held that the tenant had a right to repose on his (landlord's) promise to repair.

It results from what is here said that, in our opinion, no reversible error appears, and the judgment of the court below will be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., dissent.