## DORON v. CROSBY.

*Wednesday,
June 29.*

APPEAL from the *Shelby* Circuit Court.

*Per Curiam.*—This was an action by the appellee against the appellant upon a promissory note in this form:

"$2,100. On or before the 25th of *December*, 1857, I promise to pay *E. L. Crosby* 2,100 dollars, waiving valuation or appraisement laws—*September* 6, 1855; being the third payment on the east half of the south-east quarter of section 34, in township 12, north of range 6 east; also, the north-east quarter of section 4, in township 11, north of range 6 east; also, the west half of the south-west quarter

of section 34, in township 12, north of range 6 east. *John Doron.*"

May Term, 1859.

This note was filed with the complaint. Defendant below answered by a general traverse. The case was submitted to the Court for trial. Finding for the plaintiff. New trial refused and judgment.

A bill of exceptions shows that the plaintiff offered in evidence the note sued on, which offer was resisted on the ground of variance; but the Court admitted the evidence.

The variance pointed out in the appellant's brief is this: The suit is brought on a note payable to *Elza L. Crosby,* and so, in the complaint, alleged to be payable; but the note given in evidence is payable to "*E. L. Crosby.*" The note was correctly admitted in evidence. *Hauser* v. *Hays,* 11 Ind. R. 368, is precisely in point, and fully sustains the ruling of the Circuit Court.

The judgment is affirmed with 4 per cent. damages and costs.

*M. M. Ray* and *T. A. McFarland,* for the appellant.