# Vandegrift, Adm'r, *v.* Abbott.

*Action on Promissory Note.*

1. *Rent of decedent's lands; when contract for repairs binding on administrator.*—An administrator having, under the statute, the power to rent the lands of his intestate, this power and the duty to rent resulting therefrom authorize him to make such repairs as are necessary to render the lands tenantable; and if, even in the absence of such power, an administrator should stipulate with the tenant for making repairs, he could not avoid the stipulation, and whoever claimed its enforcement would take it *cum onere.*

[Vandegrift, Adm'r, v. Abbott.]

2. *Rent of lands; right of tenant to recoup damages resulting from failure to repair.*—In an action against a tenant for the recovery of rent, if he is entitled to damages in consequence of the failure of the landlord to repair according to a covenant in the lease, or in an agreement made at the time of the contract of renting, he may recoup the damages by way of reducing or extinguishing the rent.

3. *Contract partly in writing and partly in parol; admissibility of parol evidence.*—If a statute does not intervene, contracts may be expressed partly in writing, and partly in parol; and if the writing does not purport to set out the entire contract, but only the part thereof which is obligatory on the party making it, parol evidence is admissible to establish a distinct and separable part of the contract, obligatory on the other party, but not reduced to writing. (*Evans v. Bell*, 20 Ala. 509, overruled on this point.)

4. *Same.*—Hence, where only the promise of a tenant to pay rent is reduced to writing, parol evidence is admissible to establish a distinct and separable contract on the part of the landlord to repair, made contemporaneously with the writing.

5. *Agreement to repair; measure of damages.*—When a landlord stipulates to make repairs, and fails to do so, it is not the duty of the tenant to cause the repairs to be made, limiting his recovery to the expenses thereby incurred; but he has the right to rely upon the landlord's promise to make them, and for a breach of the promise, the landlord is liable for such damages as are the natural and proximate result.

APPEAL from St. Clair Circuit Court.

Tried before JOHN HENDERSON, Esquire, Special Judge.

This was an action on a promissory note, brought by James R. Vandegrift, as the administrator of the estate of John J. Abbott, deceased, against W. R. Abbott, J. W. Casper and J. B. Robinson, the makers of the note. The defendants pleaded, among other things, the following plea : " That the plaintiff, as the administrator of the estate of the said John J. Abbott, deceased, rented at public outcry the lands belonging to said estate, and that, at said renting, the plaintiff, as such administrator, promised and agreed to repair the fence around said land so rented, so as to secure the crop raised on said land for said year 1878 ; and that said plaintiff failed and refused to repair said fence. Whereby said defendants sustained great damage, to-wit, two hundred dollars, by stock breaking into, and destroying said crop." The plaintiff demurred to the plea, on the ground that the matter set up therein was an individual liability of the plaintiff, " and, as such, could not be set off " against the note sued on. The court overruled the demurrer, and the cause was tried on issues joined on this and other pleas, the trial resulting in a verdict and judgment for the defendant.

After the plaintiff had read the note sued on to the jury, the defendant Abbott was examined as a witness on behalf of the defendants, and testified that the plaintiff, as such administrator, on 10th October, 1877, after due notice, offered " to rent, at public outcry, to the highest bidder a portion of the lands

[Vandegrift, Adm'r, v. Abbott.]

of said estate, but having obtained only a few bids, stopped before any bid was accepted ; that it was suggested to the administrator to agree to fix up the fence in good condition, in order to obtain more and better bids ; and thereupon the administrator agreed to fix up the fence around said lands so to be rented, by 1st February, 1878, sufficiently to protect the crops, and then proceeded to offer said lands for rent; that witness bid off for rent about forty-five acres at the sum of $66.50, for which sum he, with the other defendants, afterwards, but on said day, executed the note sued on in this case ; and that witness took possession of, and cultivated said land, and, in consequence of plaintiff's failure to repair said fence, stock broke into, and destroyed a large portion of his crop, to-wit, two hundred and ten dollars worth." The plaintiff offered to prove by said witness, that he, the witness, " could have fixed the fence around the premises so rented by him in due time, if he would have done so ; that witness had the time to do this, and, by so doing, he could and would have prevented damages to his crop on said rented premises by stock breaking in. But the court refused to allow the offered proof to be made," and the plaintiff excepted.

The foregoing being the substance of all the evidence introduced on the trial, the court charged the jury, *ex mero motu*, " that if the evidence shows that stock broke into the fields the plaintiff rented to defendant, and injured and destroyed his crop, and that plaintiff agreed and contracted to repair the fence, and failed to do so, and that this breaking and injury resulted from plaintiff's failure to repair the fence, as he had contracted to do, and that the damage thus resulting to defendant was as much as, or more than plaintiff's note, plaintiff can not recover." To this charge the plaintiff duly excepted, and also to the refusal of the court to give the following, among other charges, requested by him in writing : 1. " If the jury believe the evidence in this case, they must find for the plaintiff." 2. " If the jury believe from the evidence, that the note sued on in this case was executed after the land was rented, for which the note was given, the note should disclose whether or not the plaintiff was to make repairs on the premises so rented ; and oral evidence can not be allowed to contradict such note." 3. " All previous and parol agreements are merged into a written agreement subsequently entered into by the parties ; and such written agreement is the sole expounder of the agreement."

The rulings above noted are here assigned as error.

JAMES R. VANDEGRIFT, for appellant.

[Vandegrift, Adm'r, v. Abbott.]

JOHN W. INZER, *contra.*

BRICKELL, C. J.—1. An administrator has by statute the power, and the power comprehends the duty of renting the lands of the intestate.—Code of 1876, § 2446. The power and duty will authorize him to make such repairs as are necessary to render the lands tenantable; otherwise it will be incapable of just and prudent exercise. But if the argument of the counsel for the appellant were conceded, and, without authority, upon renting the lands, an administrator should stipulate with the tenant for the making of repairs, he could not avoid the stipulation; it would be binding upon him, would inhere to the contract of renting, and whoever claimed its enforcement would take it *cum onere.* As a general rule, a trustee can not avoid his contracts, or nullify his acts, because they may be in violation of the trust, or an excess or abuse of the authority with which he is invested.—*Stoudemeir v. Williamson,* 29 Ala. 558; *Farrow v. Bragg.* 30 Ala. 261; *Riddle v. Hill,* 51 Ala. 224.

2. It has been repeatedly decided that, in an action against a tenant for the recovery of rent, if he is entitled to damages in consequence of the failure of the landlord to repair according to a covenant in the lease, or an agreement made at the time of the contract of renting, he may recoup the damages by way of reducing or extinguishing the rent.—Waterman on Set-Off, 580; *Culver v. Hill,* 68 Ala. 66; *Westlake v. DeGraw,* 25 Wend. 669. It is not, as is argued by the counsel for the appellant, a question of set-off. The two demands spring out of the same transaction, and there is a natural equity that the one should compensate the other, and that only the balance should be recoverable.—*Hatchett v. Gibson,* 13 Ala. 587; *Batterman v. Pierce,* 3 Hill (N. Y.), 171.

3. The admission of parol evidence of the agreement of the landlord to repair did not offend the general rule, that parol evidence is inadmissible to vary or contradict a contract in writing. The contract in writing was the promise of the tenant to pay the rent; the agreement of the landlord to repair was a distinct and separable contract, though made contemporaneously. Contracts, if a statute does not intervene, may be expressed partly in writing, and partly in parol. If the writing does not purport to set out the entire contract, if it purports to set out only the part of the contract which is obligatory on the party making it, there is no just objection to parol evidence of the distinct and separable part of the contract, not reduced to writing, obligatory upon the other party.—2 Whart. Ev. § 1015; *Garrow v. Carpenter,* 1 Port. 359; *Brown v. Isbell,* 11 Ala. 1009; *Patton v. Beecher,* 62 Ala. 585; *Huckabee v. Sheppard,*

[McAllilley v. Horton.]

[*ante*, p. 342].   The case of *Evans v. Bell*, 20 Ala. 509, asserting a contrary doctrine, is erroneous.

4.   It was not the duty of the tenant to cause the repairs to have been made, limiting his recovery to the expenses thereby incurred.   He had the right to rely upon the promise of the appellant to make them, and for a breach of the promise the appellant is liable for such damages as were the natural and proximate result.—*Culver v. Hill*, 68 Ala. 66.

Affirmed.