# Murphy *et al. v.* Farley.

*Action on Promissory Notes.*

1. *Pleas to entire complaint apply to each count.*—Where there are two or more counts to a complaint and pleas are interposed to the entire complaint, each count is pleaded to; and it is error to strike the pleas on the ground that they were not pleaded to each count separately.

2. *Pleas not frivolous or irrelevant should be tested by demurrer.* If pleas are not frivolous on the face or irrelevant their sufficiency should be tested by demurrer and not by a motion to strike.

3. *Writings when construed as one instrument.*—Writings such as a note and a lease, executed with reference to each other and intended by the same parties as one and the same transaction, will be construed as one instrument.

4. *Execution and relationship of two papers when shown.*—Where a note is executed by Mrs. J. W. Murphy, and a lease, shown

to be a part of the same transaction with the note, is also so executed, and it is not in dispute that Mrs. J. W. Murphy executed the lease, and is the person referred to in the body of the lease, the execution and relationship of the papers are shown, although in the body of the lease the name J. W. Murphy alone appears.

5.   *Parol evidence competent to prove the part of contract not written.*—It is a settled rule of law that when the whole of a contract has not been reduced to writing, so much of it as is separable and distinct may be proved by oral evidence, even though contemporaneous with the writing. But this rule does not permit the oral contradiction of that part of the agreement which is reduced to writing and is in itself complete.

6.   *Recoupment; when proper.*—In an action against a tenant if he is entitled to damages in consequence of the failure of the landlord to repair according to a covenant in a lease or an agreement made at the time of the contract of renting, he may recoup the damages by way of reducing or extinguishing the rent.

7.   *Recoupment; such defense requires special plea.*—But such defense can only be made by proper plea of set-off and recoupment—it is not responsive to pleas of the general issue and failure of consideration.

8.   *Failure of consideration; when can be pleaded against rent notes.*—Where a party enters into a contract of lease with another and takes that other's promissory notes for the rent, it is competent when a suit is brought to recover the amount of the rent notes for the defendant, under the plea of failure of consideration, to show that before and at the time this contract was entered into, a third party was in possession of the rented premises under a prior contract of lease with the plaintiff, and continued in such possession. Such evidence would show that the plaintiff had no right to lease to defendant, and would be a complete defense to the rent notes sued on.

APPEAL from Mobile Circuit Court.

Tried before Hon. W. S. ANDERSON.

Action by Mary A. Farley against Kate Murphy and Joseph B. Webster on two promissory notes. The facts are stated in the opinion. Pleas 3, 5, 6, 7 and 8 alleged that the notes sued on were given by Mrs. Murphy as principal and Webster as surety for rent of a house, and that a part of the contract of renting was that the plain-

tiff should repair the house, and that the repairing was not done whereby the defendant Mrs. Murphy was greatly damaged by injury to her furniture as a result of the condition of the house. Objections were sustained to evidence offered by defendants that the house was in leaky condition; and also to questions why J. W. Murphy vacated the premises. The proof excluded which was the basis of assignments of error; 26 and 27 is as follows: The court refused to permit J. W. Murphy to answer the question, "Where did you live from November 1, 1897, to November 1, 1898?" and also refused to permit the defendants to prove by said witness, "that he occupied the house as tenant of the plaintiff in September, 1898, and that he got a new lease for the house from the plaintiff in September, 1898, for the year to commence on November 1, 1898, and to end on October 31, 1899, and that he continued to occupy the house until March 27, 1899.

Charges 2, 4 and 5 refused to the defendant were as follows: 2. "If the notes sued upon were given in September, 1898, under a contract of renting between the plaintiff and the defendant, Kate Murphy, by the terms of which plaintiff was to give to defendant, Kate Murphy, otherwise known as Mrs. J. W. Murphy, a written lease to certain premises for the term of one year to begin on November 1, 1898 and to end on October 31, 1899, and the defendants on their part were to give to the plaintiff their written lease and rent notes, and if defendants gave plaintiff their written lease and rent notes, but the plaintiff did not give to the said defendant, Kate Murphy, any written lease to said premises, but instead gave to one J. W. Murphy, the husband of said Kate Murphy, a written lease to said premises for the said year to commence on November 1, 1898, and to end on October 31, 1899, and if there was no other consideration for said notes, the plaintiff cannot recover in this action." 4. "If the notes sued on were given in September, 1898, in consideration that the plaintiff would give to the defendant, Kate Murphy, otherwise known as Mrs. J. W. Murphy, a written lease to certain premises for one year, commencing on November 1, 1898, and to end on October 31, 1899, and if such written lease from the plaintiff to the defendant, Kate Murphy, and the notes

[Murphy *et al.* v. Farley.]

sued upon were to be part·of one and the same contract or transaction, and if the plaintiff did not give to said defendant a written lease to the premises, then the notes sued on would be without consideration and no recovery can be had upon them." 5. "If J. W. Murphy was plaintiff's tenant in possession of the premises for the year ·from November 1, 1897, to October 31, 1898, the same premises for the rent of which this action is brought, and if in September, 1898, plaintiff gave to said J. W. Murphy a written lease to said premises for the year commencing November 1, 1898, and ending October 31, 1899, and if J. W. Murphy was then in possession of ·said premises and continued in possession thereof, until after November, 1898, then plaintiff cannot recover in this action." The judgment was for the plaintiff, from which this appeal was taken.

L. H. & E. W. FAITH, for appellants.—Pleas stricken were not frivolous, and should have been tested by demurrer.—*Lindsey v. Norris,* 100 Ala. 550; *McAnally v. Hawkins Lumber Co.,* 109 Ala. 400; *Powell v. Crawford,* 110 Ala. 294. (2). The facts stated in the pleas show failure of consideration.—*Corbin v. Sistrunk,* 19 Ala. ·206; *Cowan v. Cooper,* 41 Ala. 190; *Parker v. Bond,* 25 So. Rep. 898. (3). Pleas 3, 6, 7 present a proper counter-claim for damages.—*Reeder v. Helms,* 57 Ala. 444; *Patton v. Beecher,* 62 Ala. 285; *Culver v. Hill,* 68 Ala. 66; *Rowe v. Baber,* 93 Ala. 422; *Krebs v. Brown,* 108 Ala. 508. (4). The "tenants lease" signed by Mrs. J. W. Murphy were not covenants to be performed by her, since the body of the lease shows they were to be performed by J. W. Murphy.—*Harrison v. Simons,* 55 Ala. 510; *Madden v. Floyd,* 69 Ala. 225; *Gaston v. Weir,* 84 Ala. 193; *Sheldon v. Carter,* 90 Ala. 380. (5). Lease to J. W. Murphy disabled plaintiff from making lease to Mrs. Murphy.—*Tucker v. Wood,* 12 Johns. 120.

F. G. BROMBERG, *contra.*—In action on written lease ·contemporaneous oral warranties.—*York v. Stewart,* 55 Pac. Rep. 29; *Cook v. Anderson,* 85 Ala. 99. (2). The notes and lease refer to each other, and constitute one ·contract.—*Sewall v. Henry,* 9 Ala. 24; *Kelly v. Life Insurance Co.,* 113 Ala. 463. (3). The consideration of the notes is contractual, and cannot be varied by parol.

*Pickett v. Green*, 22 N. E. 737; *Conant v. The Bank*, 22 N. E. 250.

HARALSON, J.—1. The complaint declared in two separate counts, on two promissory notes. There were three pleas interposed to the entire complaint,—the general issue, failure of consideration, and a special plea of set-off. The plaintiff moved to strike these pleas for the alleged reason, that they were not pleaded to each count separately, but to the entire complaint, and the motion was granted. This ruling was erroneous. If the pleas were good to each count, there was no necessity to plead them to each separately; and, in such case, by interposing them to the entire complaint, each count thereof was pleaded to. If the pleas were defective,— as the 2nd one evidently was,—they certainly were not frivolous on their face or irrelevant, and their sufficiency should have been tested by demurrer, and not by a motion to strike. Nor was the 3rd plea irrelevant, or frivolous, even if insufficient.—*Williamson v. Mayer*, 117 Ala. 253; *Powell v. Crawford*, 110 Ala. 294.

As to the pleas of the general issue and failure of consideration, however, defendant was afterwards allowed to interpose them separately to each count. What we have said applies with equal force to pleas 5, 6, 7 and 8. They were not irrelevant, as objected, as a ground for striking them, nor were they frivolous, and should have been tested by demurrer, if deemed insufficient. To the five last named pleas, we refer again hereafter.

2. The complaint described each note as executed by Mrs. J. W. Murphy and Joseph B. Webster, and each, "subject to the conditions of a lease signed by said defendants, dated the 15th day of September, 1898." The notes introduced had written in red ink across their face, "Rent note. Subject to conditions of lease," and bore date 23rd September, 1898. The lease referred to, bore date, 15th September, 1898. Walter Howe, a member of the firm of Glennon & Co., who, as agent conducted the transaction for plaintiff testified, that the notes and the lease were executed the same date, though there was a discrepancy in their dates, and his evidence tends to show that they were executed in reference to

each other, as parts of the same transaction. After the notes were introduced without objection, and plaintiff offered the lease, defendant objected, because they did not bear the same date; because the action was not brought on the lease but upon the notes; because the lease was not the foundation of the suit, and because "it does not purport in the face or body of the instrument to be the contract of the defendant, Mrs. J. W. Murphy." The objections were untenable. Writings such as these, executed with reference to each other and intended by the same parties as one and the same transaction, will be construed as one instrument.—*Kelly v. Life Ins. Co.,* 113 Ala. 453, 463, and authorities there cited. The lease was signed by Mrs. J. W. Murphy and J. B. Webster, and begins, "We J. W. Murphy and J. B. Webster." It was not in dispute that Mrs. J. W. Murphy executed, and was the person referred to in the body of the lease. The proof showed the execution and relationship of the papers to each other.

3. The defendant's counsel asked Mrs. Murphy, when she was being examined:—"Did you or not have any agreement with her (plaintiff's) agents, Messrs. Jas. K. Glennon & Co., about September, 1888, to rent from her the house on Government street No. 111," to which question the plaintiff objected because it was irrelevant and immaterial. Defendant's attorney stated to the court, that he expected to show by the witness, that there was an agreement between the plaintiff and the witness, Mrs. Murphy, that she should obtain from the plaintiff a written lease vesting in her a leasehold interest from Nov. 1, 1898, to the 31st October, 1899, to said property, and that it was agreed that such written lease should contain a clause that the landlord should put the property in thorough repair and patch the roof so that it would not leak, and that although Mrs. Murphy and Mr. Webster, the defendants, signed their part of the agreement, they never obtained the written lease which the agreement called for. It is certainly true, that at common law, the burden of repair was always cast on the tenant, and the duty to repair, when the landlord has not expressly agreed to do so, unless otherwise regulated by statute, rests on the tenant.—*Rothe v. Bellingrath,* 71 Ala. 55;

12 Am. & Eng. Ency. Law, 721, 722, and authorities cited. But, "it is a settled rule of law, that when the whole of a contract has not been reduced to writing, so much of it as is separable and distinct, may be proved by oral evidence, even though contemporaneous with the writing, without infringing the principle, that such evidence is inadmissible to contradict or vary the legal effect of a written instrument.—*Huckabee v. Shepherd*, 75 Ala. 342; 1 Addison Cont. (Am. Ed.) 243; 1 Gr. Ev. § 285 a. When for example, a tenant promises in writing to pay a stipulated rent to his landlord, and so much of the contract as was intended to state the liabilities of the landlord is not reduced to writing, but was left to rest in parol, it may be shown by oral evidence that he agreed with the tenant, although contemporaneously with the execution of the tenant's rent note, to make repairs on the rented premises, or incurred other like liability."—*Vandergrift v. Abbott*, 75 Ala. 487. This rule, however, does not permit the oral contradiction of that part of the agreement which is reduced to writing, and is in itself complete. *Powell v. Thompson*, 80 Ala. 54, 55. In the *Vandergrift* case cited, it was said by the court, "It has been repeatedly decided that, in an action against a tenant, if he is entitled to damages in consequence of the failure of the landlord to repair according to a covenant in a lease, or an agreement made at the time of the contract of renting, he may recoup the damages by way of reducing or extinguishing the rent.—Waterman on Set-off, 580; *Culver v. Hill*, 68 Ala. 66; *Westlake v. DeGraw*, 25 Wend. 669;" *Rowe v. Baber*, 93 Ala. 422. Under the foregoing well settled principles, the question proposed, if pertinent to the pleas on which the case was tried, should have been allowed to be answered, but the plea of set-off and recoupment had been stricken, and it was not responsive to the other pleas of the general issue and failure of consideration. From what we have said above, however, the error in striking pleas 3 and 5 to 8, inclusive, for the objections interposed, will the more plainly appear.

The plea of failure of consideration on which issue was joined without objection, was to each count of the complaint separately, "that the notes sued on were without consideration." The witness, Mrs. Murphy, testified

that J. W. Murphy was her husband; that he was in possession of said rented property—No. 111 Government street,—from the 1st of September, 1898, to the 1st day of January, 1899, and that he continued to occupy said premises after January 1, 1899, to the 27th March, 1899; that she and her husband lived together. The plaintiff's counsel asked her, if she was not the Mrs. Murphy that went down to Glennon to re-rent the house for the coming year from November 1, 1898. She replied in the affirmative. Thereupon her counsel moved, and the court on the motion excluded all the evidence of said witness above set out, because it was irrelevant and immaterial. We are unable to discover that such evidence was relevant to the issues on which the court forced defendant to try.

4. On the examination of Mr. J. W. Murphy, the husband of defendant, Mrs. J. W. Murphy, the defendant asked him, "Where did you live from November 1 ,1897, to November, 1898?" Plaintiff interposed the objection of irrelevancy and immateriality. Defendants then stated to the court, that they expected to show, that the said witness, Mr. J. W. Murphy, was occupying the house as tenant of the plaintiff in September, 1898, and that he got a new lease of the house from the plaintiff in September, 1898, for the year to commence on November 1, 1898, and to end on October 31, 1899, and that he continued to occupy the house until March 27th, 1899. The court, nevertheless, sustained plaintiff's objection, and would not permit the question to be answered. The question asked was preliminary and necessary to be answered in making the proof the defendants proposed to make in connection with it; and if the witness answered, as the question propounded implied he would,—in the expectation of defendants in asking it,—the answer and the proposed evidence in connection therewith, was pertinent to the issue of failure of consideration, since, if it had been shown as proposed, that plaintiff, at the time of her alleged lease of the lot to defendants, had previously leased it to another, who was the plaintiff's tenant for the past year, and such prior tenant was in possession at the time and continued to occupy under his lease, after the time plaintiff leased the same to defend-

ants, and their lease term was to begin, then, it is evident plaintiff had no right to lease the lot to defendants. The facts ·proposed to be proved, if shown, presented a complete defense to the action under the plea of failure of consideration. The defendants in such 'case, did not and could not enter under their lease, because debarred from doing so by plaintiff's prior lease of the premises to and the occupancy of them by another tenant with superior right.—*Bain v. McDonald*, 111 Ala. 269, 274; *King v. Reynolds*, 67 Ala. 229.

5. From what has been said, it will appear that errors 25, 28 and 29, as assigned, are of no avail, since the excluded proof in each instance related to pleas which were stricken, and not to any issue on which the case was tried, and the questions referred to in the 25th and 28th assignments called for the uncommunicated motive of the witness. The proof excluded,—the basis of assignments 26 and 27,—was pertinent to the plea of failure of consideration and should have been allowed.

6. There was no error in refusing charges 1 and 3 requested by defendants. They were abstract, as there was no proof of any such verbal contract of renting such as is hypothesized in said charges. All evidence tending to show such a contract was excluded by the court. There was no plea of the statute of frauds which the charges may have been framed also to meet.

There was evidence tending to establish charges 2, 4 and 5,—that given by Mr. Murphy, Mr. Howe and defendant, Webster,—and if the facts hypothesized therein were true, they establish a failure of consideration. Whether the landlord's part .of this lease was intended for Mr. or Mrs. J. W. Murphy, is a matter of dispute, raising a question proper for the determination of the jury under all the evidence, under proper instructions by the court. In any future trial that may occur, in bringing out the evidence and in charges given or refused, the name J. W. Murphy· should, to prevent confusion, be employed with the prefix Mr. or Mrs., so as, in each instance, to clearly identify the person referred to.

For errors indicated, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.