# Thompson Foundry & Machine Co. *v.* Glass.

## *Action of Assumpsit.*

1. *Contract of lease; when agreement not independent and collateral; pleading and practice.*—Where, prior to the execution of notes given for the rent of a certain building, and as an in-

[Thompson Foundry & Machine Co. v. Glass.]

ducement to the rental of said property and the execution of
said notes, the owner of said property promises and agrees
with the lessees that he would repair said building, and con-
temporaneously with the execution of said notes, a written
lease is executed by the party, but this lease contains no
stipulation or promise on the part of the lessor to make such
repairs, such agreement to make the repairs is not inde-
pendent of and collateral to the lease, and not being ex-
pressed in the written contract of lease is not binding upon
the lessor; and in an action upon the notes given for the
rent of said building, the defendants can not set off damages
claimed to have been suffered by reason of the breach of the
promise to repair said building.

2.  *Contract of lease; when agreement to make repairs not inde-*
    *pendent and collateral; admissibility of parol evidence.*
    Where, prior to the execution of notes given for the rent of
    a certain building, and as an inducement to the rental of
    said property and the execution of said notes, the owner of
    said property promises and agrees with the lessees that he
    would repair said building, and contemporaneously with the
    execution of said notes, a written lease is executed by the
    party, but this lease contains no stipulation or promise on
    the part of the lessor to make such repairs, such agreement
    to make the repairs is not independent of and collateral to
    the lease; and in an action upon the notes given for the rent
    of said building, it is not competent for the defendants to
    show by parol evidence that the oral promise was made by
    the lessor prior to the execution of the lease contract to re-
    pair the building; such evidence having a tendency to vary
    or materially affect the written contract of lease.

3.  *Action upon rent notes; when lease not admissible in evidence*
    *without proof of its execution.*—In an action upon notes
    given for the rent of certain premises, where the complaint
    counts upon said notes alone, a written contract of lease exe-
    cuted contemporaneously with the execution of said notes and
    as a part of the same transaction, is not admissible in evi-
    dence without proof of its execution; and this is true, al-
    though the execution of said lease contract is averred in
    plaintiff's replication to certain special pleas.

4.  *Trial and its incidents; admission of attorneys; execution of in-*
    *strument.*—In an action upon notes given for the rent of cer-
    tain premises, a written lease executed contemporaneously
    with the execution of the note sued on and as a part of the

[Thompson Foundry & Machine Co. v. Glass.]

same transaction, is not admissible in evidence without proof of its execution, unless the execution is admitted; and the statement of the attorneys of the defendant during the trial of the case, after the court had declined to allow them to introduce certain testimony that they expected to prove "that several weeks prior to the execution of *this lease*," etc., does not constitute an admission of the execution of said lease in such sort as to relieve tne plaintiff of the necessity of proving the execution thereof.

5. *Pleading and practice; variance between allegations in complaint and proof.*—In an action counting upon a promissory note, where the complaint does not attempt to set out the note sued on *in haec verba*, and the suit is against "J. T. and W. M. T., doing business as the T. Foundry & Machine Works," and the note introduced in evidence is signed "T. F. & M. Wks.," by "J. T.", there is no variance between the allegations in the complaint and the note, and such note is admissible in evidence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Adam Glass, against the appellants; and counted upon several promissory notes, which were given to the plaintiff for the rent of a certain building owned by the plaintiff. In the complaint the defendants are described as follows: "Julius Thompson and Willie May Thompson, doing business as Thompson Foundry & Machine Works."

The complaint as originally filed contained several counts, and in each count the plaintiff claimed of the defendant a sum due "by promissory note made by him" on a certain date and payable on a subsequent date; each count seeking to recover upon a separate promissory note.

Against the objection and exception of the defendants, the plaintiff was allowed to amend each count of the complaint by striking out the word "him," in each count, and inserting in lieu thereof the word "them." The substance of the several special pleas of the defendant is sufficiently stated in the opinion. The plaintiff

filed several replications to these special pleas, the substance of which replications is also set out in the opinion. The defendant demurred to the several replications upon the grounds shown in the opinion, and these demurrers were overruled. The other facts of the case pertaining to the rulings of the trial court which are reviewed on the present appeal are sufficiently shown in the opinion.

There were verdict and judgment for the plaintiff. The defendants appeal and assign as error the several rulings of the trial court upon the pleadings and upon the evidence to which exceptions were reserved.

MITCHELL & TONSMEIRE and GREGORY L. & H. T. SMITH, for appellants.—The court erred in overruling the demurrers to the replication. It is a settled rule of law that where the whole of a contract has not been reduced to writing, as much of it as is separable and distinct may be proved by oral evidence without infringing the principle that such evidence is inadmissible to contradict or vary the legal effect of a written instrument. *Powell v. Thompson,* 80 Ala. 54; *Vandergrift v. Abbott,* 75 Ala. 488; *Murphy v. Farley,* 124 Ala. 279. It is not necessary that the writing should expressly rebut the presumption that it contains the entire contract.—*Patton v. Beecher,* 62 Ala. 585; 1 Greenleaf Evidence, 284; 1 Addison Contracts, 243.

Testimony which tends to prove an independent collateral fact about which the written contract was silent and establishing an additional supplementary agreement not in the written contract, is admissible.—Note to 17 L. R. A., 273, and cases cited. Where a parol agreement was collateral to the written lease, although its result was in opposition to the language of the lease, parol evidence was admitted.—*Erskine v. Adeane,* L. R. 8 Ch. App. 756; *Harris v. Rickett,* 4 Hurlst. & N. 1.

A verbal agreement made by a landlord before and as a condition of the execution of a written lease to put the premises in repair, is collateral to the lease and may be

proved and enforced.—*Clenighan v. McFarlan,* 11 N. Y.
Sup. 719; *Mann v. Nunn,* 43 Law J. C. P. 241; *Chopin v.
Dobson,* 78 N. Y. 81.

·PILLANS, HANAW & PILLANS, *contra.*—The demurrers
to the replications were properly overruled. No contem-
poraneous or prior verbal agreement can be proved to
vary a written contract.—Browne on Parol Evidence, §
167, *et seq; Glass v. Brewton,* 116 Ala. 629; *Wurtzbur-
ger v. Anniston Mill,* 94 Ala. 640; 3 Mayfield Dig. 567,
*et seq; Brigham v. Rogers,* 17 Mass. 571; *Cleves v. Wil-
loughby,* 7 Hill, 83; *Eberle v. Girard, etc. Co.,* 4 Atl.
Rep. 808; 1 Addison on Contracts, 200; *Seitz v. Brewers
Co.,* 141 U. S. 510; *Wodock v. Robinson,* 24 Atl. Rep. 73.
· The lease should have been admitted in evidence with-
out separate proof of its execution.—Stephen on Plead-
ing (8th ed.), 227.

The lease and notes constitute one instrument.—*Kelly
v. Life Ins. Co.,* 113 Ala. 453; *Murphy v. Farley,* 124
Ala. 279.

The admission in evidence of the lease, evidencing the
contract between the parties, the document which in the
names of the defendants recites the notes sued on, was
proper as well as was the admission of the notes, *unless
impeached by sworn plea.* If the court erred in admit-
ting it in the first instance the error, if any, was cured
by the evidence of its execution by one of the defendants,
a partner, and sued as such, which, under the statute
would bind all.—Code, 1896, § 1801; *Levy v. Bloch,* 88
Ala. 294; *Wimberly v. Dallas,* 52 Ala. 196; *Carter v.
Long,* 125 Ala. 280; *Ledbetter v. Dinton,* 108 Ala. 644;
*Rich v. Thornton,* 69 Ala. 473; *Hammons v. State,* 59
Ala. 172. The execution of the notes and lease were ad-
mitted by defendants.—*Oscayan v. Arms Co.,* 103 U. S.
261; *Price v. Bank of Decatur,* 17 Ala. 374.

TYSON, J.—This action was brought to enforce the collection of a number of promissory notes alleged to have been executed by the defendants for instalments of rent for the property described in the complaint. The defendants interposed special pleas of set-off alleging that prior to the execution of the notes and as an inducement to the rental of said property and the execution of said notes, the plaintiff promised and agreed with defendants that he would repair the roof of the foundry building located on said property, which was then in a very leaky condition, so that it would not leak; that relying on said promise and agreement, defendants rented said premises and executed said notes and went into possession of said property and occupied it for the purposes for which it was rented, and that the plaintiff breached his promise to make the repairs, etc. To these pleas three special replications were filed, numbered 2, 3 and 4. The substance of the allegations of these replications may be stated to be that the notes sued upon were rent notes executed contemporaneously with a lease in writing, which contract of lease was mutually executed by the parties to this suit, and that it contained no stipulation or promise on the part of the plaintiff to make the repairs. To each of these replications a demurrer was interposed on the ground that the pleas showed that the set-off claimed did not arise from any alleged breach of the condition of the lease, but from the breach of an entirely separate and distinct agreement entered into prior to the execution of the lease and notes.

On the trial, the plaintiff introduced in evidence the lease which purports to be executed by all the parties and bears date corresponding to the date of the notes. This lease contains no promise or obligation on the part of the plaintiff to make the repairs. The defendants offered to show that an oral promise was made by plaintiff as alleged in the pleas and a non-fulfillment of that promise. On objection, they were not allowed to do so, to which an exception was reserved. Thus, we see, the

question raised, both by the demurrer and the exception reserved to the ruling of the court upon the exclusion of the evidence in support of the pleas, is whether the promise alleged in them was a separate and distinct one and, therefore, in nowise contradicts, varies or materially affects the lease either in terms or legal effect.

It is not contended by appellants, that if the promise was merged in the written lease, that parol evidence is admissible to prove it. But the contention is that it is altogether independent of and collateral to the lease. This direct question has not been decided by this court, but it has frequently been passed upon by other courts. It is true there is a divergence of opinion upon it. Of those holding the views contended for by appellants, may be cited: *Erskine v. Adcane,* 8 Ch. App. 756; *Mann v. Nunn,* 43 Law J. C. P. 241; *Cleningham v. McFarland,* 11 N. Y. Sup. 719; *Chapin v. Dobson,* 78 N. Y. 81. A contrary view is held in the following cases: *Brigham v. Rogers,* 17 Mass. 571; *Eberle v. Girard Life Ins. Co.,* 4 Atlantic Rep. 808; *Wodock v. Robinson,* 148 Pa. St. 503; *Cleaves v. Willoughby,* 7 Hill (N. Y.), 83; *Wilson v. Deen,* 74 N. Y. 531; *McLean v. Nichol,* 43 Minn. 169; *Tracy v. The Union Iron Works,* 104 Mo. 193; *Diven v. Johnson,* 117 Ind. 512; *Stoddard v. Nelson,* 17 Oregon, 417; *Howard v. Thomas,* 12 Ohio St. 201; *Naumberg v. Young,* 44 N. J. L. 331. In the two cases last cited will be found able and lengthy discussions of the question. The New Jersey court reviews the English cases cited above sustaining appellant's contention and shows the utter fallacy of the doctrine announced in them. After careful consideration of the cases on both sides of the question, we are clearly of the opinion that the weight of authority as well as reason supports the view that the promise relied upon by the defendants was not independent and collateral to the lease, but was a part of the bargain to rent the property, and to allow proof of it would violate the salutary rule excluding parol evidence to alter or add to a written agreement. As indirectly supporting this conclusion, see *Seitz v. Brewer,* 141 U. S.

510; *Town of Brewton v. Glass,* 116 Ala. 629; *Wurtzburger v. The Anniston Mills,* 94 Ala. 640, and cases there cited.    The cases of *Vandegrift v. Abbott* (75 Ala. 487), *Powell v. Thompson,* (80 Ala. 51), and *Murphy v. Farley,* (124 Ala. 279), are entirely in accord with the conclusion reached.    In those cases, there was no written contract of lease, as here, executed by the lessor and lessee.

The objection taken to the introduction in evidence of the lease because its execution was not proven should have been sustained.  Against the availability of this objection, the insistence by appellee is, that as the notes sued' upon and the lease were executed with reference to each other and intended by the parties as one and the same transaction, they must be construed as one instrument.  And further, the lease having been alleged by the new assignment contained in the replications, the replications must be regarded as a new complaint and entitles both the lease and the notes to be introduced in evidence without proof of their execution.  In other words, the replications were nothing more than a new assignment more fully of the cause of action stated in the complaint, rendered necessary by the special pleas and, therefore, the lease as well as the notes were the foundation of the suit.  To this we cannot agree.  If it be true as contended that the replications were merely a new assignment of the cause of action stated in the complaint, they were not a part and parcel of the complaint. It is not the office of a replication to serve as amendment to the complaint.  Nor could they be answered by a *plea* to the complaint, and proof of the facts alleged in the complaint would not have proven the replications.  We, therefore, feel constrained to hold that the lease, being averred in the replication, was not the foundation of the suit and that proof of its execution should have been made, unless it was admitted.  This, it is insisted, the record shows was done.  It discloses that after the lease had been admitted in evidence against the objection of each of the defendants, and after they had offered Mrs. Thompson as a witness, propounding to her certain ques-

tions for the purpose of proving the defenses invoked by the pleas, which were objected to and the objection sustained, their counsel made a statement to the court of what they expected to prove by her. In that statement the following language was used: "They [we] expect to prove that several weeks prior to the execution of *this lease* Mr. Glass insisted upon Mrs. Thompson signing this lease along with her husband," etc., etc. Was this an admission, under the circumstances, of the execution of the lease by defendants? The rule laid down in 1 Greenleaf, section 186, is: "The admissions of attorneys of record bind their clients, in all matters relating to the progress and trial of the cause; but to this end, they must be distinct and formal or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice or of dispensing with the formal proof of some fact at the trial." Applying this rule, which we think is the correct one, we are of the opinion that there is nothing in the statement, relied upon as an admission, when construed in connection with the circumstances under which it was made, indicating that it was the intention of defendants' counsel to relieve the plaintiff of the burden of proving the execution of the lease or to make an admission to obviate that necessity. See also *Lake Erie & W. R. R. Co. v. Rooker,* 13 Ind. App. 600; *Wright v. Young,* 1 Camp. 139. It is true the record shows that Mrs. Thompson, one of the defendants, admitted that she signed the lease, but this did not prove its execution by the other parties to it, which, of course, was incumbent upon the plaintiff to do.

Objection was also taken to the introduction of the notes on the ground of a variance. This is predicated upon the proposition that the suit is against "Julius Thompson and Willie May Thompson doing business as Thompson Foundry and Machine Works," while the notes introduced in evidence are signed "Thompson F. & M. Wks. Julius Thompson." The complaint does not

[Norwood v. Washington, Admr.]

attempt to set out the notes *in haec verba*, but only their legal effect. The case of *Cantley v. Hopkins*, 5 S. & P. 58, we think is decisive of this question. In that case, the plaintiff's suit was against "John Cantley" and the complaint averred the execution of the note by "defendant." The note offered in evidence was signed "J. Cantley." It was held, there was no variance. See also *Chandler v. Hudson*, 8 Ala. 366; *Ross v. Clawson*, 47 Ill. 402; *Doran v. Crosby*, 12 Ind. 634.

There is manifestly no merit in the objection taken to the allowance of the amendment to the complaint.

Reversed and remanded.