(90 South. 904)

## STALLINGS v. SAVAGE. (7 Div. 218.)

(Supreme Court of Alabama. Oct. 20, 1921.)

Evidence ⟪═⟫442(6), 445(2)—Evidence of parol agreement made at time of or after sale held properly excluded.

Where at the time of a sale of a second-hand automobile, an elaborate writing, stating, "This constitutes the entire purchase contract," was signed by plaintiff, parol evidence was inadmissible to show that defendant engaged to make certain repairs not mentioned in the writing, whether such alleged agreement was made at the time or after the sale.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. F. Stallings against H. J. Savage, doing business as the Etowah Motor Company, for damages for a breach of an agreement to equip an automobile. Judgment for the defendant, and the plaintiff appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Motley & Motley, of Gadsden, for appellant.

Parol evidence was admissible to show the agreement, and the evidence offered did not offend the general rule. 75 Ala. 487; 75 Ala. 342; 145 Ala. 677, 40 South. 49; 145 Ala. 665, 39 South. 729; 151 Ala. 643, 44 South. 557; 72 Ala. 286; 118 Ala. 563, 23 South. 798.

Hugh White, of Montgomery, for appellee.

Testimony offered sought to vary the written contract. 144 Ala. 427, 39 South. 474; 10 Ala. App. 420, 65 South. 194; (Ala.) 39 South. 981; 139 Ala. 628, 36 South. 783; 136 Ala. 648, 33 South. 811; 142 Ala. 186, 37 South. 825; 22 C. J. 1070.

McCLELLAN, J. The plaintiff, appellant, sued the appellee for damages for breach of contract in the sale of a "secondhand" automobile, by the latter to the former; title being retained by the seller until full payment of the purchase price. The plaintiff's contention was that the defendant engaged to put lights on the car; to fix the self-starter; and to renew the battery. At the time of the sale an elaborate writing was signed by the plaintiff. In this writing it was stated, "This constitutes the entire purchase contract." There was no provision in the writing imposing upon the seller the obligation to equip and repair the car as the plaintiff contended. The plaintiff sought to introduce parol evidence to support the asserted obligation to equip and repair the car. In view of the written contract, the court excluded such parol evi-

---

dence; and, according to the brief for appellant, the application of the principle indicated constitutes the sole question presented on this appeal.

In its rulings on the proffered parol evidence, the court correctly applied the rule which precludes recourse to parol evidence to add to, vary, or contradict a writing defining the whole engagement or obligation of the parties. The matter of which plaintiff would predicate the breach asserted was not independent of and collateral to the sale and purchase of the automobile. Thompson Mach. Co. v. Glass, 136 Ala. 648; 654, 655, 33 South. 811, where the case of Vandegrift v. Abbott, 75 Ala. 487, is discriminated; and the discrimination there taken also illustrates the inapplicability of other cases cited on the brief for appellant.

If plaintiff's proffered testimony was designed, in one phase, to show that the verbal agreement to so equip and repair the car was made after the sale, such testimony was inadmissible, since there was no consideration shown for the thus asserted additional obligation. Morningstar v. Querens, 142 Ala. 186, 189, 37 South. 825.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.