(116 So. 307)
## BLACKMON v. ENGRAM. (4 Div. 324.)

Court of Appeals of Alabama. March 27, 1928.

See, also, 214 Ala. 262, 107 So. 741.

W. H. Merrill, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

SAMFORD, J. The evidence in this case tends to prove: That in December, 1922, the Bank of Eufaula owned 38 head of cattle, the subject of this suit. That these cattle were at that time located on the lands of the plaintiff, and being the lands described in this suit as the Engram-Ogletree place. That some time in December, 1922, the Bank of Eufaula, acting through its president, Lawrence Wilde, sold to the defendant in execution (Thoma) the cattle above, both he and Wilde knowing that the cattle were then and there upon plaintiff's lands. That the sale was made and consummated without security or mortgage. That Wilde knew, at the time of the sale, the cattle were to be continued to be grazed on plaintiff's land, if Thoma could succeed in renting same for the year 1923. That Wilde aided Thoma in renting the land from plaintiff, and afterwards, on January 2, 1923, Thoma executed a mortgage to the Bank of Eufaula covering his indebtedness to the bank, and conveying, together with other property, the cattle involved in this suit. The East Alabama National Bank became the owner of the Thoma mortgage, and, the latter part of May, 1923, forclosed same, and this claimant became the purchaser. That during all of these transactions the cattle remained on the lands of plaintiff. There was evidence tending to prove that the lands were for grazing purposes, and that the contract of rental and delivery of possession was on December 31, 1922, but that the rent note for the premises was not executed by Thoma until January 10, 1923. There were many direct conflicts in the testimony, but as to these this court is not concerned. Such conflicts presented issues for the jury under the charge of the court.

The insistence of appellant is that the court erred in permitting plaintiff to prove a verbal contract of rental for the Engram-Ogletree place on December 31, 1922, when the rent note for the place was executed and bore date of January 10, 1923. The contention of the plaintiff is that the contract of rental was verbal; was made December 31, 1922; that the tenant, Thoma, took possession of the premises on January 1, 1923, and on that day began grazing the cattle here involved; and that on January 10, 1923, Thoma executed a note for the rent, the considera-

tion for which was the amount of the agreed rent and evidencing the date of payment. The complaint declared on this note. The insistence of claimant is that the note is the written contract of rental into which all prior negotiations were merged, and which cannot now be varied by oral testimony. There was no effort to vary the terms of the note. The contract of rental was the consideration for the note, and, while the note was not given until January 10, 1923, its execution did not change the true date of the rental contract for which it was given. Every writing, which is the foundation of an action is evidence of the debt or duty for which it was given, and the writing is also prima facie evidence of consideration until that fact is disputed by the pleadings or contradicted by the proof. Click v. McAfee, 7 Port. 62; Holman v. Bank, 12 Ala. 369. The consideration for a note may be shown without varying the terms of the contract evidenced by the note.

■ Engram, the husband, was the agent of plaintiff in her negotiations with the Bank of Eufaula and Thoma relative to the rental of her lands. Wilde was the president of the mortgagee bank. Conversations between these parties relative to the contract and to the disposition of the cattle to be grazed on the lands were admissible as tending to show notice to the bank and a recognition on the part of the bank of plaintiff's lien.

■ Under the evidence in this case as it now appears, it was a question for the jury to determine whether plaintiff's lien for rent attached on January 1, 1923, or on January 10, 1923. If such lien attached on January 1st, such lien was superior to that of the bank under which the claimant claims title, dependent upon one other question. The claimant insisted, and offered evidence tending to prove, that the bank sold the cattle to Thoma on January 6th, and, at the same time, in legal effect, retained title as security for the purchase money, and that therefore there was never any interest in the cattle resting in Thoma. In that event, the claim of the bank would have precedence over that of plaintiff. Blackman v. Engram, 214 Ala. 262, 107 So. 741. On the other hand, the plaintiff offered evidence tending to prove that the cattle were sold to Thoma in December, 1922; that the title passed to him then; that they were in his possession on January 1st, when he put them to graze on plaintiff's land; and that at that time no lien of the bank had attached. If this is so, the lien of plaintiff under section 8894 of the Code of 1923 is paramount. This was a question for the jury, and we find no error in the various rulings of the court in submitting this question.

We find no error in the record, and the judgment is affirmed.

Affirmed.