(118 So. 545)

## GOBER MOTOR CO. v. MORROW.
### (8 Div. 40.)

Supreme Court of Alabama. Nov. 8, 1928.

Williams & Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

FOSTER, J. This is an action by appellee, as buyer, against appellant, as seller, of a tractor, for the breach of an alleged verbal contract whereby the seller agreed to insure the tractor in an amount equal to three-fourths its value for the benefit of the buyer and seller jointly. It was tried by the court without a jury. The seller insured the tractor in the sum of $250, and collected it, for which the buyer has received the benefit; but it is alleged it should have been insured in a larger sum.

There was a conditional sale contract executed by the seller and buyer. There were also notes executed for the purchase price. The contract contained the following stipulations:

"The buyer agrees that he will keep said car free from all incumbrances, liens, charges, taxes, etc.; that he will keep the car insured against fire and theft with insurance companies acceptable to the dealer or holder and that said dealer *may place, continue and renew said insurance at the buyer's expense,* that he will keep the dealer harmless from all loss or damage to other persons by virtue of the operation or use of the car by the buyer or other persons, *and that the within contract or agreement covers all conditions and agreements with reference to said car unless expressly written hereon as the date of purchase.*"

The buyer contends that (1) notwithstanding such written agreement it is open to him to rely on a verbal contract, entered into prior to the writing, imposing an insurance obligation on the seller different from that so expressed, and that such contract was also affirmed by the seller after the execution of

the contract; that (2) the seller, having undertaken to procure insurance, was negligent in the performance of the duty.

■ We think the first contention of the buyer, as above stated, is in direct conflict with rules of law well established in Alabama. Such alleged verbal agreement is not independent of and collateral to the contract of purchase. All agreements of the respective parties are contained in the writing, and that alone, when unambiguous, is evidence thereof. Any subsequent agreement is not shown to be based upon a consideration. The subject was considered in the following cases: Stallings v. Savage, 206 Ala. 486, 90 So. 904; Thompson Mach. Co. v. Glass, 136 Ala. 648, 33 So. 811; Vandegrift v. Abbott, 75 Ala. 487; Morningstar v. Querens, 142 Ala. 186, 37 So. 825; Seitz v. Brewer, 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; Brewton v. Glass, 116 Ala. 629, 22 So. 916; Wurtzburger v. Anniston Mills, 94 Ala. 640, 10 So. 129; Powell v. Thompson, 80 Ala. 51; Murphy v. Farley, 124 Ala. 279, 27 So. 442.

There was in the written contract no provision imposing a duty on the seller to insure. But the duty is imposed on the buyer. The seller is granted the option to insure at the expense of the buyer. The seller undertook to exercise the option, and the buyer complains that he did not insure for an amount equal to what he had agreed by a verbal stipulation. The verbal agreement cannot be the basis of such complaint.

■ Negligence cannot be predicated upon the failure to insure for an amount equal to what it is alleged he had stipulated. Such failure is not an act of negligence, but merely a breach of an alleged contract, which we have shown was not in this case a valid contract. In the case of Wade v. Robinson, 216 Ala. 383, 113 So. 246, the mortgagee had agreed to place insurance, and was held to the exercise of good faith and reasonable care in the manner of doing so.

[3] But, where he merely exercises the option (not performing a duty) to insure, the rule does not obtain. If he does not, under such circumstances, act in good faith or with reasonable care, resulting in loss, he could not charge the cost of such insurance to the buyer. The contract in this case placed the *duty* to insure on the buyer, not the seller.

There are 97 assignments of error. It is useless to go through them, and point out in what respect each ruling does or does not conform to these views. The rules here expressed were not observed by the trial court, either in the rulings on pleadings, or on the reception of evidence, or in the rendition of judgment.

This case having been tried by the court without a jury, we conclude that appellee was not entitled to recover, but that judgment be and is hereby rendered for appellant, on the authority of sections 8599, 9498, 9502, of the Code.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.