166 So. 49

## GRIFFIN v. TATUM CHEVROLET CO.

### 6 Div. 914.

Supreme Court of Alabama.
Feb. 27, 1936.

J. B. Powell, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

GARDNER, Justice.

The suit is for a breach of warranty in the sale of an automobile.

The contract was in writing, duly signed by both parties, and there is no charge of fraud, deceit, or misrepresentation involved. Among other numerous provisions, here unnecessary to note, was the following: "No warranties, express or implied, representations, promises or statements have been made by seller unless endorsed hereon in writing." None were so indorsed.

Plaintiff alleges that in the purchase of the car, defendant's agent warranted it to be free from defects in material and workmanship, and that it was defective in that it had a vibration or rattle in the body. The assignments of error in large part turn upon the refusal of the trial court to permit proof of parol warranty by the agent, as alleged in the complaint.

The court acted upon the theory, and we think correctly so, that the contract was in writing, all previous negotia-

tions being merged therein, and that to admit such parol proof would be violative of the rule which forbids a written contract, in the absence of fraud or misrepresentations, to be varied or contradicted by parol. The following, among other of our cases, support the ruling. Miller Bros. v. Direct Lumber Co., 207 Ala. 338, 92 So. 473; Moore v. Williamson, 210 Ala. 427, 98 So. 201; Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409; Gober Motor Co. v. Morrow, 218 Ala. 324, 118 So. 545; Stallings v. Savage, 206 Ala. 486, 90 So. 904.

The sale contract here involved upon its face purports to express the entire contract of the parties, and, as observed in Stallings v. Savage, supra, applicable here, "the breach asserted was not independent of and collateral to the sale and purchase of the automobile."

In the case of Blackmon v. Engram, 22 Ala.App. 396, 116 So. 307, cited by plaintiff, as in Vandegrift v. Abbott, 75 Ala. 487, the notes sued upon did not purport to contain the entire contract, and this line of authorities is therefore here without application. And James v. Cortright, 220 Ala. 578, 126 So. 631, is likewise inapplicable upon the facts, and in no manner conflicts with the conclusion here reached.

It results, therefore, that the contract contained no such warranty, breach of which is here relied upon, and that plaintiff's effort to show by parol such warranty was properly held invasive of the rule first herein announced. If it could be said plaintiff sought to show such a verbal agreement subsequent to the sale, this would also be inadmissible as not being shown to be based upon a consideration. Gober Motor Co. v. Morrow, supra; Stallings v. Savage, supra.

The mere fact that the stipulation against warranties was advantageous to the seller only does not lessen its force, and the cases of McGowin Lumber & Export Co. v. R. J. & B. F. Camp Lumber Co., 192 Ala. 35, 68 So. 263, and McCormick v. Tissier, 222 Ala. 422, 133 So. 22, held nothing to the contrary. And properly interpreted, the case of Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49, is in entire harmony with our holding.

There is suggestion there should have been a special plea. The pleading by defendant was in short by consent. But it would seem the general issue would suffice in view of the fact that the breach of warranty arose from a contract in writing offered in evidence. This writing purported to contain the entire contract, and no warranties were therein embraced, but expressly excluded, in view of the fact that none were indorsed thereon. Plaintiff, therefore, failed in his proof and could not supply the deficiency by parol for the reasons herein stated and under the authorities noted.

Our conclusion is that the trial court correctly ruled. Let the judgment be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.